# EXHIBIT

# 1


## Service of Process Transmittal Summary

**TO:**   LEGAL DEPARTMENT - SOP
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:**   **Process Served in California**

**FOR:**   Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AUXILIADORA COCA // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Santa Clara County Superior Court of California, CA<br>Case # 23CV409873 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 05/13/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/13/2023 at 10:56 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Sandra A. Beltran<br>LIBERATION LAW GROUP, P.C.<br>2760 Mission Street<br>San Francisco, CA 94110<br>415-695-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/14/2023, Expected Purge Date: 03/19/2023<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the


included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                  Mon, Mar 13, 2023
**Server Name:**       Cecil Watson

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | 23CV409873 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# SUMMONS
## *(CITACION JUDICIAL)*

E-FILED
1/11/2023 6:36 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV409873
Reviewed By: P. Newton
Envelope: 10909143

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUXILIADORA COCA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TESLA, INC.; and DOES 1-25, inclusive

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of

Santa Clara, 191 N. 1st Street, San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):* 23CV409873

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sandra A. Beltran, 2760 Mission Street, San Francisco, CA 94110. Tel. (415) 695-1000.

| DATE: *(Fecha)* 1/11/2023 6:36 PM | Clerk of Court | Clerk, by *(Secretario)* P. Newton | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TESLA, INC.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

E-FILED
1/11/2023 6:36 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV409873
Reviewed By: P. Newton

1 Arlo Garcia Uriarte, SBN 231764
*arlo@liberationlawgroup.com*
2 Sandra Beltran, SBN 331573
*sandra@liberationlawgroup.com*
3 Jonathan S. Rebong, SBN 235683
*jonathan@liberationlawgroup.com*
4 LIBERATION LAW GROUP, P.C.
2760 Mission Street
5 San Francisco, CA 94110
6 Telephone: (415) 695-1000
Facsimile: (415) 695-1006
7

8 Attorneys for PLAINTIFF
**AUXILIADORA COCA**

9

10 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11 FOR THE COUNTY OF SANTA CLARA

12 UNLIMITED JURISDICTION

13

14

15 AUXILIADORA COCA,

Plaintiff,

16

v.

17

18 TESLA, INC.; and DOES 1-25, inclusive,

Defendants.

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Case Number: | 23CV409873 |

**COMPLAINT**

(1) **Failure to Pay All Wages**
(2) **Failure to Pay Overtime Compensation**
(3) **Unpaid Rest Period Premiums**
(4) **Unpaid Meal Period Premiums**
(5) **Failure to Furnish Accurate Wage Statements**
(6) **Waiting Time Penalties**
(7) **Retaliation Labor Code ll02.5**
(8) **Disability Discrimination**
(9) **FEHA Retaliation**
(10) **Failure to Engage in Interactive Process**
(11) **Failure to Accommodate**
(12) **Intentional Infliction of Emotional Distress**
(13) **Wrongful Termination in Violation of Public Policy**
(14) **Unfair Competition in Violation of Cal. Business and Professions Code §§ 17200 Et. Seq.**

**JURY TRIAL DEMANDED**

1

1. Plaintiff Auxilladora Coca (hereinafter "PLAINTIFF"), is informed, believes, and hereby alleges as follows:

## I. INTRODUCTION & JURISDICTION

2. PLAINTIFF brings this action against Defendant Tesla, Inc. (hereinafter "DEFENDANT") and DOES 1 through 25, inclusive (hereinafter "DOES") (collectively "DEFENDANTS"), for compensatory damages, statutory damages, punitive damages, restitution, prejudgment interest, attorneys' fees and costs, and other appropriate and just relief.

3. Jurisdiction is proper in this court because alleged damages exceed $25,000.00.

4. Venue is proper in this court because, at all relevant times, DEFENDANTS conducted business, PLAINTIFF was employed, and the unlawful employment practices complained of herein occurred within the County of Santa Clara.

## II. PARTIES

5. PLAINTIFF is a competent individual and a resident of the State of California.

6. DEFENDANT is a Delaware corporation, registered to do business in California as Tesla Motors, Inc., which maintains and transacts business within the County of Santa Clara

7. Reference herein to "DEFENDANTS" without other limitation shall include all defendants named specifically and fictitiously, including defendants who were the officers, directors, and/or managing agents of other defendants. Whenever and whatever reference is made in this complaint to DEFENDANTS, such reference shall include each and every specifically and fictitiously named defendant individually, jointly, and severally.

8. The actions against PLAINTIFF by DEFENDANTS' owners, officers, directors, managers, supervisors, and other employees of DEFENDANTS were ratified by DEFENDANTS.

9. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned, the owners, officers, directors, managers, supervisors, and other employees of

2

DEFENDANTS were the agents and/or employees of DEFENDANTS, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

10. DEFENDANTS exercised direct control over the wages, hours, and working conditions of PLAINTIFF.

11. DEFENDANTS were at all relevant times PLAINTIFF'S employer covered by California's Labor Code and the Industrial Welfare Commission Wage Order No. 1-2001 (hereinafter "IWC Wage Order No. 1").

12. DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five or more persons.

13. PLAINTIFF is unaware as to the true names and capacities of defendants sued herein as "DOES 1 – 25, inclusive," and therefore sues these by such fictitious names and capacities pursuant to Code of Civil Procedure section 474. Defendants, including each of these fictitiously named DOE Defendants, owned, controlled, managed, or supervised the business for which PLAINTIFF worked, directly or indirectly exercised operational control over the wages, hours, and working conditions of PLAINTIFF, and acted within the course and scope of their employment. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S injuries as herein alleged were proximately caused by the aforementioned Defendants. Defendants, including DOES 1 - 25, held ownership, officer, director, executive, managerial, and/or supervisory positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal employment practices for DEFENDANTS which have damaged PLAINTIFF. PLAINTIFF will seek leave of the court to amend this complaint to allege such names and capacities as soon as they are ascertained.

3

## III. STATEMENT OF FACTS

14. On or about July 16, 2018, PLAINTIFF was hired by DEFENDANTS as a nonexempt employee.

15. PLAINTIFF worked as a Production Associate in a production line, assembling automobile parts in Palo Alto, California.

16. The schedule of PLAINTIFF for the first week of the pay period was from Wednesday to Saturday, from 6:00 a.m. to 6:00 p.m. The schedule of PLAINTIFF for the second week of the pay period was from Thursday to Saturday, from 6:00 a.m. to 6:00 p.m.

17. DEFENDANTS failed to pay PLAINTIFF at the legal overtime rate for time worked over eight (8) hours per day or for time worked over forty (40) hours per week.

18. DEFENDANTS failed to pay PLAINTIFF at the legal overtime rate for time worked over twelve (12) hours per day.

19. PLAINTIFF consistently worked shifts of approximately twelve hours per day.

20. PLAINTIFF regularly worked more than five (5) hours per day. However,

21. DEFENDANTS failed to provide PLAINTIFF with proper meal periods of at least thirty (30) minutes. For example, the break room where PLAINTIFF was authorized to take her meal period, was approximately a five-minute walk from the device to clock in and out. As a result, PLAINTIFF'S meal periods were short.

22. DEFENDANTS failed to provide PLAINTIFF a second off-duty meal period no later than the end of PLAINTIFF'S tenth (10th) hour of work without proper compensation in violation of California law.

23. During her employment with DEFENDANTS, PLAINTIFF was not provided nor authorized to take all her rest breaks or to take proper rest breaks of ten (10) minutes for every four (4) hours worked or major fraction thereof, as required under California law.

4

24. DEFENDANTS failed to pay PLAINTIFF one hour at PLAINTIFF'S regular hourly rate of pay for each meal period and rest period that DEFENDANTS did not properly provide to, nor allowed PLAINTIFF to take.

25. DEFENDANTS failed to issue accurate wage statements to PLAINTIFF pursuant to Cal. Labor Code § 226. The wage statements are not accurate as they do not reflect all hours worked, the overtime hours worked, and required compensation for denied or improper meal periods and rest breaks.

26. DEFENDANTS willfully failed to pay PLAINTIFF the wages, as well as meal period and rest period premiums owed to PLAINTIFF at the end of her employment as required by Cal. Labor Code §§ 201-203.

27. DEFENDANTS subjected PLAINTIFF to adverse employment actions and termination in retaliation for complaining about her working conditions.

28. In or around November 2020, PLAINTIFF, together with other coworkers complained about their working conditions, for example PLAINTIFF received unwarranted verbal and written warnings from supervisor Shari Valdez (hereinafter "Shari"), was reprimanded when she needed medical assistance, and her complaints about violations of company policies by other co-workers were being ignored.

29. PLAINTIFF was assigned a new supervisor.

30. PLAINTIFF'S new supervisor targeted PLAINTIFF as a result of her complaints against Shari and subjected PLAINTIFF to further unwarranted reprimands.

31. On or around February 2021, Shari became PLAINTIFF'S supervisor again despite PLAINTIFF'S prior complaints about Shari. Shari again subjected PLAINTIFF to unwarranted reprimands in retaliation for her complaints.

5

32.     DEFENDANTS discriminated against PLAINTIFF based on her perceived and/or actual physical disability.

33.     PLAINTIFF'S actual and/or perceived physical disability was a substantial motivating reason for DEFENDANTS decision to subject PLAINTIFF to adverse employment actions and termination.

34.     On or about April 16, 2021, PLAINTIFF suffered an injury at work. That same day, PLAINTIFF received medical attention at the company's on-site health center.

35.     At DEFENDANT'S health center PLAINTIFF was diagnosed with an injury to her lower back. The nurse put ice on PLAINTIFF'S lower back and gave her Tylenol for pain. PLAINTIFF was instructed to go back to work.

36.     DEFENDANTS health center instructed PLAINTIFF to ice her back if it continued hurting.

37.     PLAINTIFF returned to the production line and requested light duty due to her injury and back pain. The production line lead assigned PLAINTIFF to work in a position where PLAINTIFF would not have to bend.

38.     From the moment PLAINTIFF was injured until her termination, PLAINTIFF was required to continue working with her lower back injury.

39.     On or around May 6, 2021, DEFENDANTS refused to further accommodate PLAINTIFF. PLAINTIFF complained due to DEFENDANTS failure to continue to engage in an interactive process and provide reasonable accommodations.

40.     PLAINTIFF was able to perform the essential job duties of a Production Associate with or without reasonable accommodations.

41.     On or about May 13, 2021, DEFENDANTS terminated PLAINTIFF.

6

42. PLAINTIFF believes she was terminated in retaliation for complaining about her working conditions, requesting reasonable accommodation and due to her physical disability. DEFENDANTS failed to engage in an interactive process and retaliated against PLAINTIFF. As a result, PLAINTIFF was harmed; DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF's harm.

43. PLAINTIFF felt humiliated, anxious and frustrated.

44. DEFENDANTS had no contemplation or empathy whatsoever with the situation suffered by PLAINTIFF. DEFENDANTS instead of providing PLAINTIFF with reasonable accommodation, denied PLAINTIFF the possibility to accommodate PLAINTIFF's disability.

45. DEFENDANTS had full knowledge and authority to change the situation that the PLAINTIFF was going through.

46. During her employment, PLAINTIFF was retaliated against for complaining about the discriminatory terms and conditions of her employment.

47. DEFENDANTS failed to take all reasonable steps necessary to prevent discrimination from occurring.

48. DEFENDANTS' conduct towards PLAINTIFF was outrageous. As alleged above, DEFENDANTS decision to terminate PLAINTIFF because of her disability and retaliate against PLAINTIFF amount to outrageous conduct.

49. DEFENDANTS intended to cause PLAINTIFF emotional distress and acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress.

50. As a proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if

7

PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work. As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

51.     As a further proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies. As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

52.     The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

53.     DEFENDANTS aided and abetted, authorized, and/or ratified the wrongful conduct of its owners, officers, directors, managers, employees, agents, and DOE defendants for which the damages are sought. As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

54.     On May 11, 2022, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing ("DFEH"). A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(Failure to Pay All Wages)*

55.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

8

COMPLAINT

56.     Pursuant to the IWC Wage Order No. 1 and Cal. Labor Code §§ 202, 204, 500, 512, and 1194, DEFENDANTS were required to compensate PLAINTIFF for all hours worked.

57.     DEFENDANTS failed to compensate PLAINTIFF for all hours worked.

58.     PLAINTIFF requests an award in the amount of unpaid wages owed to her by DEFENDANTS for the four (4) years preceding the filing of her complaint, plus interest.

59.     PLAINTIFF request an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and 1194(a).

### SECOND CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Failure to Pay Overtime Compensation)*

60.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

61.     Pursuant to the IWC Wage Order No. 1 and Cal. Labor Code §§ 500, 510, and 1194, DEFENDANTS were required to compensate PLAINTIFF with premium pay for all overtime worked, which includes time and a half for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and double overtime after twelve hours in any single workday and/or after eight hours on the seventh (7th) consecutive day of any workweek.

62.     DEFENDANTS failed to pay PLAINTIFF her proper overtime wages for hours she worked in excess of eight (8) hours per day and/or in excess of forty (40) hours per week.

63.     Pursuant to IWC Wage Order No. 1 and Cal. Labor Code §§ 510 and1194(a), PLAINTIFF requests an award in the amount of unpaid overtime hours owed to her by DEFENDANTS for the four years preceding the filing of this complaint, plus interest.

64.     PLAINTIFF requests an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and 1194(a).

9

## THIRD CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Unpaid Rest Break Premiums)*

65.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

66.     Pursuant to Cal. Labor Code § 226.7(b) and IWC Wage Order No. 1, DEFENDANTS were required to authorize and permit employees such as PLAINTIFF to take rest periods based upon the total hours worked, at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

67.     During the course of PLANTIFF'S employment, DEFENDANTS failed and refused to authorize and permit PLAINTIFF to take 10-minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Cal. Labor Code § 226.7(b) and IWC Wage Order No. 1.

68.     DEFENDANTS further violated IWC Wage Order No. 1 and Cal. Labor Code § 226.7(c) by failing to pay PLAINTIFF one hour of pay at PLAINTIFF'S regular rate of pay for each work day rest periods were required but not provided.

69.     PLAINTIFF requests relief as described below.

## FOURTH CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Unpaid Meal Period Premiums)*

70.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

71.     Pursuant to Cal. Labor Code § 226.7(b), Cal. Labor Code § 512, and IWC Wage Order No. 1, DEFENDANTS were required to authorize and permit employees such as PLAINTIFF to take meal periods of thirty (30) minutes per a work period of five (5) hours.

72.     During her employment, DEFENDANTS failed and refused to authorize and permit PLAINTIFF to take proper 30-minute meal periods after five (5) hours of work in violation of Cal. Labor Code §§ 226.7(b), 512, and IWC Wage Order No. 1.

73.     DEFENDANTS further violated IWC Wage Order No. 1 and Cal. Labor Code §§ 226.7(b), 512 by failing to pay PLAINTIFF one (1) hour of pay at PLAINTIFF'S regular rate of pay for each workday meal periods were required but not provided.

74.     PLAINTIFF requests relief as described below.

### FIFTH CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(Failure to Furnish Accurate Wage Statements)*

75.     PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

76.     At all times relevant herein, DEFENDANTS failed to issue accurate itemized wage statements that properly and accurately itemize the number of hours worked and gross wages earned, including meal and rest period premium pay for every pay period, in violation of Labor Code § 226(a) and IWC Wage Order No. 1.

77.     During her employment, PLAINTIFF did not receive accurate wage statements because the wage statements that PLAINTIFF received did not accurately itemize all the hours PLAINTIFF worked, the proper rate of pay, and rest period and meal period premium pay owed.

78.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226(a) and IWC Wage Order No. 1, causing damages to PLAINTIFF. These damages, including but not limited to costs expended calculating her true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, PLAINTIFF elects to recover liquidated damages of $50.00 for the initial pay period in which the

11

violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor Code § 226(e), up to the statutory maximum amount of $4,000.00, plus reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

### (Waiting Time Penalties)

79. PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

80. California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due to that employee immediately upon discharge.

81. California Labor Code § 202 requires an employer to pay all compensation due to employees who quit within 72 hours of that employee quitting, unless the employee provided at least 7 hours of notice of resignation, in which case all compensation is due at the end of the employee's final day of work.

82. California Labor Code § 203 provides that if an employer fails to pay compensation as required by §§ 201, 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 workdays.

83. DEFENDANTS willfully failed to pay PLAINTIFF the wages, overtime, and premiums owed to PLAINTIFF at the end of her employment in a timely manner as required by Cal. Labor Code §§ 201 to 203.

84. PLAINTIFF requests an award of penalties pursuant to Cal. Labor Code § 203 in an amount equal to 30 days of their daily wages at the end of their employment.

## SEVENTH CAUSE OF ACTION

### By PLAINTIFF against DEFENDANTS

### (Retaliation Pursuant to Cal. Lab. Code §1102.5)

12

COMPLAINT

85.     PLAINTIFF realleges and incorporates by reference the allegations of the above paragraphs.

86.     Lab. Code § 1102.5 states:

> (b) an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

87.     DEFENDANTS retaliated against PLAINTIFF for complaining about unlawful working conditions.

88.     PLAINTIFF'S act of complaining about unlawful working conditions was protected activity.

89.     PLAINTIFF was harmed by DEFENDANTS' conduct by being subjected to adverse employment actions and ultimately terminated.

90.     DEFENDANTS' retaliatory conduct was a substantial factor in causing PLAINTIFF'S harm.

91.     PLAINTIFF request relief as described below.

## EIGTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Disability Discrimination)*

92.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

93.     DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, Government Code § 12900 et seq. (FEHA), in that DEFENDANTS regularly employ five (5) persons mor more.

94.     DEFENDANTS' discriminatory actions against PLAINTIFF, as alleged, constituted unlawful discrimination in employment on account of PLAITIFF'S actual/and or perceived physical disability in violation of Government Code § 12940(a).

95.     DEFENDANTS and their agents, directors, managers, supervisors, and employees knew that or perceived PLAINTIFF to have a physical disability because PLAINTIFF was subjected to multiple medical examinations and provided DEFENDANTS with reports explaining her condition.

96.     Despite DEFENDANTS' actual and constructive knowledge of the discriminatory acts against PLAINTIFF and the knowledge of its managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate correction to stop such discrimination from occurring in violation of Government Code § 12940.

97.     The actual or perceived physical disability of PLAINTIFF was a substantial motivating reason for DEFENDANTS's decision to discharge PLAINTIFF.

98.     As a proximate result of DEFENDANTS' actions against PLAINTIFF, PLAINTIFF has been harmed in that she suffered the loss of wages, salary, benefits, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had continued to work for DEFENDANTS, been properly accommodated, received proper wage pay, and given proper amount of hours of work. As a result of such conduct and consequent harm, PLAINTIFF suffered such damages in an amount according to proof.

99.     As a proximate result of DEFENDANTS' actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered emotional distress, including humiliation, mental anguish,

14

and has been injured in mind and body as follows: anxiety, stress, insomnia, and other maladies.

PLAINTIFF has suffered such damages in an amount according to proof.

100.    DEFENDANTS authorized and/or ratified the wrongful conduct of its officers,

managers, supervisors, employees, agents, and DOE defendants for which damages are sought.

PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct

in the future.

101.    At all relevant times, DEFENDANTS were aware of PLAINTIFF'S physical disabilities

and medical conditions, and perceived PLAINTIFF to have physical disabilities and/or a medical

condition.  At all relevant times, PLAINTIFF was able to perform the essential duties of her position,

with reasonable accommodations.

102.    DEFENDANTS' discriminatory actions against PLAINTIFF, as alleged above,

constituted unlawful discrimination in employment on account of actual physical and/or perceived

physical disability.

103.    On May 11, 2022, the DFEH issued a right to sue letter to PLAINTIFF.  A copy of the

right-to-sue notice on behalf of PLAINTIFF is attached as Exhibit A and is incorporated here by

reference.

## NINTH CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(FEHA Retaliation)*

104.    PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs

above.

105.    DEFENDANTS are subject to suit under the California Fair Employment and Housing

Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five or

more persons.

15

COMPLAINT

106. The actions by DEFENDANTS against PLAINTIFF, as alleged, constituted unlawful retaliation in employment on account of PLAINTIFF'S opposition to the discriminatory practices of DEFENDANTS in violation of Government Code Section 12940(h).

107. DEFENDANTS and its owners, officers, directors, managers, supervisors, agents, and employees knew or should have known its actions were unwanted and retaliatory because PLAINTIFF complained about them to DEFENDANTS.

108. Despite the actual and constructive knowledge by DEFENDANTS of the retaliatory acts against PLAINTIFF and the knowledge of its owners, officers, directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such retaliation from occurring.

109. As a proximate result of the retaliatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work. As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

110. As a further proximate result of the retaliatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies. As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

111. The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

16

112.    DEFENDANTS authorized and/or ratified the wrongful conduct of its owners, officers, directors, managers, supervisors, employees, and agents, for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

113.    On May 11, 2022, the DFEH issued a right to sue letter to PLAINTIFF.  A copy of the right-to-sue notice on behalf of PLAINTIFF is attached as Exhibit A and is incorporated here by reference.

## TENTH CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Failure to Engage in Interactive Process)*

114.    PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

115.    Pursuant to FEHA, it is an unlawful employment practice for an employer to refuse to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability or known medical condition, or when the employer becomes aware of the need for accommodation by a third party or by observation.

116.    PLAINTIFF requested that DEFENDANTS make reasonable accommodations for her physical disabilities so that she could perform the essential functions of her position.

117.    PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodation could be made.

118.    DEFENDANTS failed to participate in a good-faith interactive process with PLAINTIFF to determine whether reasonable accommodation could be continued or made.

17

119.   As a proximate result of DEFENDANTS' failure to engage in an interactive process with PLAINTIFF, she has been harmed in that PLAINTIFF has suffered the loss of wages and benefits; has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort; and has suffered the loss of additional amounts of money PLAINTIFF would have received if she had not suffered DEFENDANTS' failure to engage in an interactive process. As a result of such discrimination and harm, PLAINTIFF has suffered damages according to proof at trial.

120.   DEFENDANTS actions in failing to engage in an interactive process with PLAINTIFF on account of her actual and/or perceived physical disabilities were taken with oppression and in reckless disregard of PLAINTIFF's rights. Through this exploitation of PLAINTIFF, DEFENDANTS engaged in despicable conduct, amounting to malice, oppression, or fraud that subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of her rights under the FEHA. PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

121.   On May 11, 2022, the DFEH issued a right to sue letter to PLAINTIFF. A copy of the right-to-sue notice on behalf of PLAINTIFF is attached as Exhibit A and is incorporated here by reference.

## ELEVENTH CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Failure to Provide Reasonable Accommodations)*

122.   PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

123.   Pursuant to Government Code § 12940 (m), it is an unlawful employment practice for an employer to refuse to make reasonable accommodations for a person with a known physical disability, in response to a request for reasonable accommodation by an employee with a known physical or mental disability or known medical condition.

124.     Despite DEFENDANTS' awareness of PLAINTIFF'S disabilities, DEFENDANTS failed to reasonably accommodate her needs based on her physical disabilities, including, but not limited to, not continuing the accommodation previously provided to PLAINTIFF and/or not providing a further reasonable accommodation.

125.     At all times mentioned herein, PLAINTIFF was willing and able to perform the duties and functions of PLAINTIFF'S position if reasonable accommodations had been made by DEFENDANTS.

126.     Accommodation of PLAINTIFF'S needs based on her physical disabilities would not have imposed an undue hardship on DEFENDANTS.

127.     As a proximate result of DEFENDANTS' failure to reasonably accommodate PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered the loss of wages and benefits; has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort; and has suffered the loss of additional amounts of money PLAINTIFF would have received if she had not suffered a failure to reasonably accommodate by DEFENDANTS. As a result of such discrimination and harm, PLAINTIFF has suffered damages according to proof at trial.

128.     DEFENDANTS' actions in failing to reasonably accommodate PLAINTIFF on account of her actual and/or perceived physical disabilities were taken with oppression and in reckless disregard of PLAINTIFF's rights. Through this exploitation of PLAINTIFF, DEFENDANTS engaged in despicable conduct, amounting to malice, oppression, or fraud that subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of her rights under the FEHA. PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

129.     On May 11, 2022, the DFEH issued a right to sue letter to PLAINTIFF. A copy of the right-to-sue notice on behalf of PLAINTIFF is attached as Exhibit A and is incorporated here by reference.

# TWELFTH CAUSE OF ACTION

## By PLAINTIFF Against DEFENDANTS

### *(Intentional Infliction of Emotional Distress)*

130.    PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

131.    DEFENDANTS' conduct in terminating PLAINTIFF because of her actual or perceived physical disability, and for engaging in protected activity was outrageous conduct and was intentional and/or done with reckless disregard toward PLAINTIFF.

132.    DEFENDANTS' conduct in terminating PLAINTIFF in violation of Labor Code § 1102.5 was outrageous conduct and was intentional and/or done with reckless disregard toward PLAINTIFF.

133.    As a proximate result of DEFENDANTS' outrageous conduct, PLAINTIFF lost her job and income, and caused PLAINTIFF to suffer losses to reputation, humiliation, embarrassment, inconvenience, and severe mental and emotional anguish and distress.

134.    As a proximate result of the outrageous actions of DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such

135.    As a proximate result of the actions of DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered damages from anxiety, emotional distress, mental anguish, in an amount to proven at trial.

136.    DEFENDANTS' actions in inflicting emotional distress on PLAINTIFF were taken with oppression and in reckless disregard of PLAINTIFF'S rights. Though this exploitation of PLAINTIFF, DEFENDANTS engaged in despicable conduct, amounting to malice, oppression, or fraud that subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights.

137.    PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof to deter them from such conduct in the future.

## THIRTEENTH CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Wrongful Termination in Violation of Public Policy)*

138.    PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

139.    The fundamental public policy of the State of California that DEFENDANTS violated, or implicated, are: California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA).

140.    DEFENDANTS' termination of PLAINTIFF because of PLAINTIFF'S actual and/or perceived physical disability violated California Fair Employment and Housing Act, Government Code § 12900 et seq. (FEHA).

141.    DEFENDANT'S action of terminating PLAINTIFF'S employment due to PLAINTIFF'S actual and/or perceived physical disability was done with reckless disregard of PLAINTIFF'S rights.

142.    As a proximate result of the conduct of DEFENDANTS actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in positions sought by PLAINTIFFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been not wrongfully terminated, received proper wage increases, and increased hours of work.  As a result of such consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

21

143. DEFENDANTS committed acts herein despicably, maliciously, fraudulently, and oppressively, with the intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and conscious disregard of the rights and safety of PLAINTIFF. PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

144. On May 11, 2022, the DFEH issued a right to sue letter to PLAINTIFF. A copy of the right-to-sue notice on behalf of PLAINTIFF is attached as Exhibit A and is incorporated here by reference.

## FOURTEENTH CAUSE OF ACTION

### By PLAINTIFF Against DEFENDANTS

*(Unfair Competition in Violation of Cal. Business and Professions Code §§ 17200 et. seq.)*

145. PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

146. California Business and Professions Code §§ 17200 et. seq. prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

147. The conduct of DEFENDANTS as alleged herein has been and continues to be unfair, unlawful, and deleterious to PLAINTIFF, her co-workers, and to the general public. PLAINTIFF is an "individual" within the meaning of Business and Professions Code § 17204, and therefore has standing to bring this suit for restitution.

148. The prompt and proper payment of wages is a fundamental public policy of the State of California.

149. It is also the public policy of the State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

22

150. Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business and Professions Code §§ 17200 et. seq., depriving PLAINTIFF, and other employees working for DEFENDANTS, the rights, benefits, and privileges guaranteed to employees under California law.

151. DEFENDANTS regularly and routinely violated the following statutes and regulations with respect to PLAINTIFFS and other employees of DEFENDANTS:

    (a) IWC Wage Order No. 1, as amended, and Labor Code §§ 202, 204, 500, 510, 558, and 1194 (failure to pay all wages, including all hours worked and overtime);

    (b) IWC Wage Order No. 1, Labor Code §§ 226.7 (failure to provide rest periods);

    (c) IWC Wage Order No. 1, Labor Code §§ 226.7, 512 (failure to provide meal periods);

    (d) Labor Code § 226 (failing to provide accurate wage statements to employees at the time of payment); and

    (e) Labor Code §§ 201 and 203 (failing to pay all wages owed at end of employment).

152. By engaging in these business practices, which are unfair and unlawful business practices within the meaning of Business and Professions Code §§ 17200 et. seq., DEFENDANTS harmed PLAINTIFF, other similarly situated past and current employees working for DEFENDANTS, and the general public, and DEFENDANTS have gained an unfair competitive edge (by paying less and making less effort).

153. Pursuant to Business and Professions Code § 17202, PLAINTIFF is entitled to specific relief enforcing the penalty provisions of various Labor Code sections for herself and for members of the general public in amounts to be proven at trial. Failure to enforce the penalties due would result in the unlawful enrichment of the DEFENDANTS and would promote unfair competition.

23

## V. PRAYER

WHEREFORE, PLAINTIFF prays for judgment in her favor and against DEFENDANTS as follows:

1.  Compensatory and consequential damages (including unpaid wages and overtime wage) according to proof;

2.  Statutory damages according to proof;

3.  Punitive damages, according to proof;

4.  Compensation of one (1) hour at the regular rate of pay for each meal or rest period denied in violation of Labor Code § 226.7 and applicable Wage Order, according to proof;

5.  Prejudgment interest pursuant to Cal. Labor Code § 218.6 accrued on all due and unpaid wages from the date that wages were due and payable, according to proof;

6.  Physical and emotional distress damages, according to proof;

7.  Attorneys' fees and costs made payable to the Liberation Law Group, P.C., pursuant to Cal. Labor Code §§ 218.5, 226(e), and 1194, and other applicable laws;

8.  Pursuant to Labor Code §§ 201, 202 and 203 waiting time penalties, according to proof;

9.  Pursuant to Business & Professions Code § 17203, an award of restitution for the unjustly amounts earned or retained by DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof; and

10. For such other and further relief as the court deems proper.

Dated: January 11, 2023                    LIBERATION LAW GROUP, P.C.

                                           By: _____
                                                Sandra Beltran
                                                Attorneys for PLAINTIFF

COMPLAINT

## VI. DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury.


DATED:  January 11, 2023                    LIBERATION LAW GROUP, P.C.

                                            By: _____

                                                Sandra Beltran
                                                Attorney for PLAINTIFF

# EXHIBIT A

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Sandra Beltran
2760 Mission Street
San Francisco, 94110

RE: **Notice to Complainant's Attorney**
     DFEH Matter Number: 202205-16948010
     Right to Sue: Coca / Tesla, Inc.

Dear Sandra Beltran:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Ines Auxiliadora Coca                                     DFEH No. 202205-16948010

                              Complainant,

vs.

Tesla, Inc.
3500 Deer Creek Road
Palo Alto, CA 94304

                              Respondents

_____

1. Respondent **Tesla, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Ines Auxiliadora Coca**, resides in the City of **San Francisco,** State of **CA.**

3. Complainant alleges that on or about **May 13, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, reprimanded, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied reasonable accommodation for a disability.

**Additional Complaint Details:** I was discriminated because I suffered from an injury that I sustained while working at Tesla, Inc.'s assembly line. I was injured on or approximately on April 16, 2021. Per my doctor's instructions, after I got injured I worked under modified light duties. I was being assigned to do work that caused me pain and kept hurting me. I was

-1-

Date Filed: May 11, 2022
Date Amended: June 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  terminated approximately two weeks after I got injured. I was still under medical care and modified light duty work when I was terminated.

2  I was harassed by my supervisors for refusing to admit wrongdoing that I did not do, namely, I refused to sign a write up in which I was accused of not wearing my work uniform on a

3  particular day that I worked, which was against company rules. I was reprimanded for similar things that other workers would not be reprimanded for, such as accidently allowing

4  my watch/phone to ring. I felt I was being micromanaged, which caused me to be constantly anxious, stressed and in fear of making a mistake. I was being assigned to do work that

5  caused me pain and continued hurting me. I was retaliated against and harassed because I reported unfair reprimanding and harassment from a supervisor, which resulted in that

6  supervisor's suspension. That same supervisor was terminated about two months before I

7  was terminated, though I do not know the reasons for her eventual termination. I believe that other supervisors did not take it well that a supervisor was suspended due to my

8  complaints, and that the supervisor was eventually terminated . I was terminated on or approximately on May 13, 2021.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Complaint – DFEH No. 202205-16948010*

27

Date Filed: May 11, 2022

28  Date Amended: June 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Sandra Beltran**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 11, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, California**

-3-
*Complaint – DFEH No. 202205-16948010*

Date Filed: May 11, 2022
Date Amended: June 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**ATTACHMENT CV-5012** Antunez

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: ___23CV409873___

---

## PLEASE READ THIS ENTIRE FORM

---

**_PLAINTIFF_** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint, Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

**_DEFENDANT_** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the _Complaint, using the proper legal form or format_, in the Clerk's Office of the Court, within **30 days** of the date you were served with the _Summons_ and _Complaint_;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**_RULES AND FORMS:_** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**_CASE MANAGEMENT CONFERENCE (CMC):_** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**_You or your attorney must appear at the CMC._** _You may ask to appear by telephone – see Local Civil Rule 8._

---

Your Case Management Judge is: ___Manoukian, Socrates P___ Department: ___20___

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 06/06/2023 Time: 3:00PM in Department: ___20___

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

**_ALTERNATIVE DISPUTE RESOLUTION (ADR):_** If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**_WARNING:_** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

| | |
|---|---|
| **From:** | Jennifer Hickey <jennifer@westernattorneyservices.com> |
| **Sent:** | Friday, March 10, 2023 1:16 PM |
| **To:** | info@exclusiveattorneyservices.com |
| **Subject:** | FW: New Service Request : Coca v. Tesla - CT Corp service for Monday - Western job # 4784-338793 |
| **Attachments:** | CA Secretary of State Search 2022.pdf; Complaint (1).pdf; Summons.pdf; Civil Lawsuit Notice - CMC Notice.pdf; ADR Information Sheet.pdf |

Hi there – please serve the attached on Monday at CT Corp. for defendant TESLA, INC. (CT Corporation System - SEC attached for reference)

Service doc's: Summons, Complaint, ADR, Notice of CMC.

Western job #4784-338793

Thank you!
Jennifer

Jennifer Hickey
Western Attorney Services
75 Columbia Sq.
San Francisco, CA 94103
415-487-4140 (Main)
415-487-4208 (Direct)
info@westernattorneyservices.com